# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT MAYBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 17 C 1748** |
| | ) | |
| **WALGREENS, CO., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Robert Mayberry (Mayberry) alleges he is diabetic and uses insulin to control his blood glucose. Defendants allegedly fill prescriptions for insulin pump supplies, including supplying insulin used in pumps. According to Mayberry, Defendants choose to bill insulin to Medicare Part D which results in certain out-of-pocket expenses for Mayberry. Mayberry contends that Defendants should bill the insulin to Medicare Part B. Mayberry includes in his complaint claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

1

505/1 *et seq.* (Count I), Illinois common law fraud claims (Count II), and unjust enrichment claims (Count III).  Defendants now move to dismiss the instant action.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1); *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), the court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff").  When subject matter jurisdiction is not apparent on the face of the complaint and is contested, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists." *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999)(internal quotations omitted)(quoting *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996)).  The burden of proof in regards to a Rule 12(b)(1) motion is on the party asserting that the court has subject matter jurisdiction. *Id.*

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in

2

the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants contend that Mayberry's claims are preempted by the Medicare Act, 42 U.S.C. § 1395 *et seq.*, and that the Mayberry has failed to exhaust his administrative remedies for such claims.

I. Preemption

Defendants argue that Mayberry's state law claims fall within the scope of Medicare Act preemption. The Medicare Act has an express preemption provision that provides the following:

Relation to State laws

The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part.

42 U.S.C. § 1395w-26(b)(3); *see also Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 891 (7th Cir. 2015)(stating that "[p]reemption can of course be implied rather than express"). The scope of Medicare Act preemption is very broad. *See Rudek v. Presence Our Lady of Resurrection Med. Ctr.*, 2014 WL 5441845, at *6 (N.D. Ill. 2014)(referencing "the Medicare Act's broad preemption provision"); *Highmark Inc. v. Consedine*, 2014 WL 5361723, at *2 (W.D. Pa. 2014)(pointing to "Medicare's broad preemption provision"); *Potts v. Rawlings Co., LLC*, 897 F. Supp. 2d 185, 195 (S.D.N.Y. 2012)(explaining that "[t]he Medicare Act contains a very broad, express preemption clause"); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1087 (N.D. Cal. 2011)(stating that "[t]he Medicare Act contains an expansive express preemption provision"); *see also Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1150 (9th Cir. 2010)(finding preemption of state consumer protection statutes).

The main premise of Mayberry's claims in this case is that Defendants cost him money by failing to bill insulin under the proper part of the Medicare Act.

Thus, a review of Medicare Act regulations and a determination regarding compliance with the billing requirements of the Medicare Act are central issues in this case. In an effort to avoid dismissal, Mayberry now asserts in response to the instant motion that his claims do not "implicat[e] interpretations of Medicare policies or determinations." (Resp. 2). Mayberry also repeatedly asserts in response to the instant motion that there should not be a preemption simply because he included the word "Medicare" in his complaint. (Resp. 2, 10). Mayberry, however, cannot escape from his own allegations in his complaint. Mayberry did much more than simply reference the Medicare Act in passing to provide a background for the alleged fraud in this case. Mayberry alleges that this case involves reimbursement for claims sought under the Medicare Act. (Compl. Par. 3). In his complaint, Mayberry describes the basic nature of his case as a case that has arisen from Defendants' alleged "violation of basic rules of payment and/or reimbursement. . . ." (Compl. Par. 1). Mayberry references in his complaint the "guidelines" of the Center for Medicare & Medicaid Services (CMS) and asserts that Defendants failed to properly bill in accordance with such guidelines. (Compl. Par. 37-38). Mayberry further alleges that it would have been financially advantageous to him if Defendants had "correctly submitted claims. . . ." (Compl. Par. 40). Mayberry's own allegations make clear that an interpretation of the Medicare Act and its regulations is a central part of this case. It is inconceivable how, as Mayberry now asserts, "[t]he policies of Medicare are not implicated" in this case. (Resp. 7).

Medicare's billing rules at the very least are of the greatest relevance in resolving the claims in this case. The trier of fact, in assessing Mayberry's claims will need to determine whether Defendants should have submitted claims under Part B and whether the rules and regulations even permitted them to do so. Mayberry cannot change his allegations and theory of his case in his response to the instant motion.

Mayberry argues that Medicare is not the source of relief sought in this case and that he is not seeking to bring claims against Medicare. Nothing in the express preemption provision of Medicare limits its coverage to claims involving cases brought directly against the federal government or medical providers directly seeking a recovery of benefits. As Defendants correctly point out, the claims in this action amount to nothing more than a back-door attempt to recover benefits indirectly from Defendants for amounts that Mayberry contends he would have received from Medicare under Part B.


II.  Failure to Exhaust Administrative Remedies

Defendants argue that this court lacks subject matter jurisdiction because Mayberry's claims arise under the Medicare Act and he did not exhaust his administrative remedies. A claim is deemed to "'arise[] under' the Medicare Act: (1) where the 'standing and the substantive basis for the presentation of the claims' is the Medicare Act . . . and [/or] (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits . . . ." *Uhm*, 620 F.3d at 1141 (quoting *Heckler v.*

*Ringer*, 466 U.S. 602 (1984)): *see also In re Consol. Med. Transp., Inc.*, 300 B.R. 435, 444 (Bankr. N.D. Ill. 2003)(explaining that "[t]he term 'arises under' is to be interpreted broadly as including claims that are 'inextricably intertwined' with benefits determinations under the Medicare Act"); *Med-Co Physicians Unlimited v. Sec'y, Dep't of Health & Human Servs., Through Health Care Servs. Corp.*, 1998 WL 427596, at *1 (N.D. Ill. 1998)(stating that "[i]f claims in the complaint, although unrelated to the Medicare Act, are 'inextricably intertwined' with a claim that arises under the Act, §§ 1331 and 1346 are not available as jurisdictional bases for plaintiff's claims").

In the instant action, as explained above, the Medicare Act and regulations are closely tied to Mayberry's claims in this case. Mayberry's claims rely on an evaluation of such claims and seek reimbursement that he contends he should have received under such rules and regulations. Mayberry's claims are thus inextricably intertwined with a claim under the Medicare Act. In addition, the Medicare Act provides the standing and the substantive basis for the presentation of the claims. Mayberry cannot pursue judicial relief unless he has exhausted the administrative remedies available to him, and there is no indication in the record that he has pursued and exhausted such administrative remedies. Therefore, this court lacks jurisdiction and the motion to dismiss is granted.

**CONCLUSION**

Based on the foregoing analysis, Defendants' motion to dismiss is granted.


Samuel Der-Yeghiayan
United States District Court Judge


Dated:   September 21, 2017